NATHAN FRANK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 6875, 28570. Promulgated October 12, 1928.

*Nathan Frank* pro se.
*A. S. Lisenby, Esq.*, for the respondent.

OPINION.

SMITH: Section 214(a)(7) of the Revenue Act of 1921 permits an individual to deduct from gross income in its income-tax return:

Debts ascertained to be worthless and charged off within the taxable year (or, in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts) ; and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt to be charged off in part.

It is the petitioner's contention that a debt of $50,000 owed him by E. G. Lewis was determined to be worthless in 1921 and that a debt of a like amount owed to him by the same debtor was ascertained to be worthless in 1922. The evidence indicates that Lewis was a promoter and engaged in vast enterprises. The debts owed to the petitioner by Lewis and represented by promissory notes maturing in 1918 and 1919 were not paid when due. The petitioner, however, had faith in Lewis; believed that his assets were far in excess of his liabilities; and that given time he would meet his promises orally made to petitioner to pay the notes. The notes had not been outlawed and were kept alive by payments thereon made in 1921 and 1922 by Lewis. In order that there could be no question that the payments made by Lewis in 1921 and 1922 were meant to apply upon each of the four notes held by the petitioner, the petitioner had Lewis endorse on each of the notes the installment payments made. The enterprises being promoted by Lewis were in quite as flourishing a condition in 1922 as they were in 1921.

The only claim that the petitioner makes that there was a *bona fide* ascertainment of worthlessness of the notes on his part in the

years 1921 and 1922 is that the maker of the notes failed to meet his oral promises to the petitioner with respect to the payment of the notes in those years.

The evidence indicates that the petitioner made no ascertainment of worthlessness of the Lewis notes in either 1921 or 1922. At the hearing of this proceeding the petitioner was asked the question:

Now, I understand you to say that you charged these amounts off in 1921 and in 1922 because he [Lewis] failed to keep the promises he had made in 1921?

A. That is correct.

Q. You had made no ascertainment, Mr. Frank, that Mr. Lewis was not just as able to pay them in 1921 and 1922 as he was in prior years?

A. Absolutely.

Q. He had a great deal of property as far as you knew?

A. I thought so, yes, sir.

Q. You did not know anything about his liabilities as compared with these assets, did you?

A. Except what he told me.

Q. Except what he told you?

A. Yes, sir.

Q. You did know that Mr. Lewis was a man inclined to exaggerate things considerably?

A. Oh, tremendously.

Q. You did not, however, in any event believe him to the extent of believing what he said as to his worth was true, did you?

A. But I thought he could always win out, as he had connections with a lot of influential people, such as Mr. Redfield who was Secretary of Commerce and Frank Vanderlip, and many others, and I thought he could not deceive me.

Although the evidence would indicate that the petitioner did not give up hope of collecting the notes due from Lewis prior to 1921 and 1922, nothing happened in those years which, in our opinion, amounts to an ascertainment of worthlessness of the notes on the part of the petitioner. In both 1921 and 1922 Lewis was directing vast enterprises. He apparently owned many millions of dollars worth of property. To all appearances the chances of ultimate success in 1921 and 1922 were greater than in any preceding year. Lewis had failed to pay the notes at maturity. The petitioner took no steps to enforce collection either in 1921 or 1922 or in prior years, when apparently the maker was financially responsible for the notes. The maker made payments upon the notes in 1921 and 1922. Endorsements of the payments upon the notes were made by Lewis upon the request of the petitioner for the express purpose of barring the operation of any statute of limitations. The fact of these payments and of the endorsements on the notes in 1921 and 1922, indicates that the petitioner had not abandoned hope of eventual collection in either of those years.

It is not within the province of a taxpayer to elect the year in which he shall deduct from his gross income a worthless debt. The debt must be deducted, if at all, from the gross income of the year

ın which the ascertainment of the worthlessness is made. The evidence of record does not in our opinion overcome the presumption of the correctness of the action of the Commissioner in his determination that the notes in question were not ascertained to be worthless in the years 1921 and 1922. *Avery* v. *Commissioner*, 22 Fed. (2d) 6; Am. Fed. Tax Rep. 7019.

*Judgment will be entered for the respondent.*